RECEIPT # ___
AMOUNT $ ___
SUMMONS ISSUED ___
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 1-13-04

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JAN 13 A 11: 18

U.S. DISTRICT COURT
DISTRICT OF MASS.

```
* * * * * * * * * * * * * * * * * * * * * * * *
MANUEL REZENDEZ                    *       C.A. NO.:
      Plaintiff                    *
                                   *
v.                                 *       COMPLAINT
                                   *
F/V LEGACY,                        *
PYRITE INTERNATIONAL INC.          *
and WHALING CITY SEAFOOD           *
DISPLAY AUCTION                    *
      Defendants                   *
* * * * * * * * * * * * * * * * * * * * * * * *
```

04-10072

MAGISTRATE JUDGE _____

## THE PARTIES

1. The plaintiff, **Manuel Rezendez**, resides in Westerly, Rhode Island, and at all times hereinafter referred to, was serving as a member of the crew of the F/V LEGACY.

2. The defendant, PYRITE INTERNATIONAL INC., is a duly organized corporation existing under the laws of Rhode Island, and at all times hereinafter referred to, owned, operated and/or controlled the F/V LEGACY and employed the plaintiff.

3. The defendant, Whaling City Seafood Display Auction, is a business existing under the laws of Massachusetts and at all times material hereto, owned, operated and/or controlled a facility located at 62 Hassey Street, New Bedford, Massachusetts.

## JURISDICTION

This is a case of maritime jurisdiction pursuant to 28 U.S.C. §1333.1 and

28 U.S.C. §1332.

## FACTUAL ALLEGATIONS

3. On or about January 19, 2003, the plaintiff was in the employ of the defendant as the captain and member of the crew of the F/V LEGACY. While the F/V LEGACY was in navigable waters and while the plaintiff was in the exercise of due care and in the performance of his duties, he sustained severe and painful personal injuries.

## COUNT I
Jones Act
(F/V LEGACY and Pyrite International Inc.)

4. Paragraphs 1-3 are realleged and incorporated herein.

5. The injuries sustained by the plaintiff were not caused by any fault on his part, but were caused by the fault of the defendant, its agents, or servants, as follows:

   a) Failure to use due care to provide and maintain a seaworthy vessel with safe and proper appliances;

   b) Failure to use due care to make reasonable and periodic inspection of said vessel, its equipment and appliances;

   c) Failure to use due care to furnish the plaintiff with a reasonably safe place in which to perform his work;

   d) Failure and negligence of fellow employees;

      e)      Failure and negligence in other respects that will be shown at the trial.

6. As a result of the said injuries, the plaintiff has suffered great pain of body and anguish of mind, lost a great deal of time from his usual work, incurred medical and hospital expenses, and has suffered and will suffer other damages as will be shown at the trial.

7. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act, 46 App. § 688.

## REQUEST FOR RELIEF

1. Under Count I, that this court enter judgment in favor of the plaintiff against the defendant.

2. For such other relief as this court deems appropriate.

## COUNT II
## GENERAL MARITIME LAW
Unseaworthiness
(F/V LEGACY and Pyrite International Inc.)

8. Paragraphs 1-7 are realleged and incorporated herein.

9. The injuries sustained by the plaintiff were due to no fault of his, but were caused by the unseaworthiness of the defendant's vessel, its appliances, appurtenances, and equipment.

10. As a result of the said injuries, plaintiff has suffered great pain of body and anguish of mind, lost a great deal of time from his usual work, incurred medical and hospital expenses, and has suffered and will continue to suffer other damages as will be shown at trial.

11. This cause of action is brought under the General Maritime Law based

upon unseaworthiness and is for the same cause of action as Count I.

## REQUEST FOR RELIEF

1. Under Count II, that this court enter judgment in favor of the plaintiff against the defendant.

2. For such other relief as this court deems appropriate.

## COUNT III
Maintenance and Cure
(F/V LEGACY and Pyrite International Inc.)

12. Paragraphs 1-11 are realleged and incorporated herein.

13. As a result of his injuries, the plaintiff incurred expenses for his maintenance and cure and will continue to do so all to his damage.

## REQUEST FOR RELIEF

1. Under Count III, that this court enter judgment in favor of the plaintiff against the defendant.

2. For such other relief as this court deems appropriate.

## COUNT IV
GENERAL MARITIME LAW
(Whaling City Seafood Display Auction)

14. Paragraphs 1-7 are realleged and incorporated herein.

15. The injuries sustained by the plaintiff were due to no fault of his, but were caused by the negligence of the defendant, its agents, servants and/or employees and the unsafe condition of the defendant's facility, its appliances, appurtenances, and/or equipment.

16. As a result of the said injuries, plaintiff has suffered great pain of body and anguish of mind, lost a great deal of time from his usual work, incurred

medical and hospital expenses, and has suffered and will continue to suffer other damages as will be shown at trial.

17.     This cause of action is brought under the General Maritime Law based upon negligence.

## REQUEST FOR RELIEF

1.     Under Count IV, that this court enter judgment in favor of the plaintiff against the defendant.

2.     For such other relief as this court deems appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.

Respectfully submitted
by his attorney,

*David B Kaplan*
DAVID B. KAPLAN #258540
The Kaplan/Bond Group
Boston Fish Pier
West Building - Suite 304
Boston, MA  02210
617/261-0080

Dated: January 9, 2004